IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE BAKER,

       Plaintiff,

   v.

COUNTY OF LANCASTER and PSP OFFICER
PHILLIP T. MATSON,

       Defendants.

CIVIL ACTION
NO. 15-6415

## MEMORANDUM OPINION

**Schmehl, J.**   **/s/ JLS**                           **November 3, 2016**

Before the Court are the motions to dismiss of both Defendant PSP Officer Phillip T. Matson and Defendant County of Lancaster. Plaintiff, Theodore Baker, brought this § 1983 action regarding his arrest and prosecution for failure to register pursuant to Megan's Law.

Plaintiff's motion to proceed *in forma pauperis* was granted on December 8, 2015, and Magistrate Judge Isaac Stoltzfus, District Attorney Craig Stedman and Assistant District Attorney Rebecca Snyder Franz were dismissed from this action with prejudice. Thereafter, Plaintiff's Complaint was docketed, and Defendant Matson and Defendant County of Lancaster both filed motions to dismiss. Plaintiff then filed what he termed a "Motion to Proceed to Trial" (Docket No. 17) with accompanying exhibits.[1] Defendant Matson then responded to Plaintiff's "Motion to Proceed to Trial." For the

---

[1] A review of this "Motion" shows that it is in fact a response to Defendants' motions to dismiss. To the extent this motion seeks to respond to Defendants' Motion to Dismiss, it is granted. In all other respects, this motion is denied.

reasons set forth below, I will grant Defendants' motions, and this matter will be dismissed.

## I.      BACKGROUND

Plaintiff's Complaint contains five counts against Defendants. Count One, which Plaintiff entitles "Illegal Seizure in Violation of the Fourth Amendment" against all defendants, Count Two, "Deprivation of Liberty and Due Process in Violation of the Fifth and Fourteenth Amendments" against all defendants, Count Three, "Failure to Protect and Prevent by Inadequately Training" against Defendant County of Lancaster, Count Four, "False Arrest/False Imprisonment" against all defendants and Count Five, state law and federal law "Malicious Prosecution" claims against all defendants. (Compl., ¶¶ 56-90.)

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject matter jurisdiction." Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996).

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

III.    DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

In the instant matter, taking all facts pled in the Complaint as true, Plaintiff was imprisoned in Delaware County from May 6, 2011 until May 25, 2012 and then placed on probation in Lancaster County. (Compl., ¶¶ 14-15.) Plaintiff lived in Pennsylvania from that time until August of 2012, when he moved to Delaware. (Id. ¶ 58.) Despite the August, 2012 move to Delaware, Plaintiff continued to have a probation officer in Lancaster County. (Id. ¶17.) It can be assumed that at some point between August of 2012 and November 7, 2012, Plaintiff returned to live in Pennsylvania, as he met with his Lancaster County probation officer on November 7, 2012, then claims to have "moved

3

back" to Delaware that same day. (Id. ¶¶ 16, 18.) On that date, Plaintiff's probation officer informed him that the Pennsylvania State Police were looking for him to possibly re-arrest him. (Compl., ¶ 17.) Plaintiff "moved back" to Delaware on November 7, 2012, but did not re-register in Delaware upon his return. (Id. ¶¶ 16-17, 19.) Plaintiff does not claim that he informed the Pennsylvania State Police of his change of residence from Pennsylvania to Delaware in either August of 2012 or November of 2012.

On January 14, 2014, Delaware State Police arrested Plaintiff for failure to register and then extradited him to Pennsylvania. (Id. ¶ 20.) The arrest was based on a warrant, which was based on an affidavit of probable cause and criminal complaint completed by Defendant Matson. (Id. ¶¶ 22, 23.) Plaintiff waived his preliminary hearing and arraignment, and was charged with two counts of failing to comply with registration requirements, with a mandatory minimum of three years. (Id. ¶¶ 26-36.) Plaintiff was in jail for 214 days, and after multiple *pro se* filings and public defender filings on his behalf, his case was *nol prossed* on August 25, 2014 for lack of jurisdiction.

Defendant Matson completed an affidavit of probable cause which sets forth the steps he took to determine whether Plaintiff should be arrested. Defendant Matson received written documentation on June 3, 2013 from the Megan's Law Section of the Pennsylvania State Police regarding Plaintiff which requested a criminal investigation to determine if Plaintiff had failed to comply with Megan's Law registration requirements. (Docket No. 12, Ex. D1.) Plaintiff had initially registered under Megan's Law on August 1, 2011 in Delaware County. His most recent verification of address took place on May 29, 2012 and listed his address as Lancaster County. (Id.) Subsequently, a new version of Megan's Law went into effect on December 20, 2012, and required Plaintiff to update his

4

registration by March 20, 2013, which he failed to do. After receiving documentation

from the Megan's Law section of the PSP, Defendant Matson commenced an

investigation to determine whether Plaintiff had failed to comply with the registration

requirements contained in Pennsylvania's Megan's Law. Defendant Matson checked the

Pennsylvania Department of Transportation and Pennsylvania state and county

correctional facilities for any record of Plaintiff. None was found. Defendant Matson then

went to Plaintiff's last known address, 202 Creek Road in Lancaster County and spoke

with Plaintiff's niece, Deanna C. Baker. Ms. Baker informed Defendant Matson that

Plaintiff is her uncle, and had moved out of that residence in late 2012 and no longer

lived there. She also informed Defendant Matson that she hadn't seen Plaintiff since

December of 2012 when she saw him in Delaware and that she believed he now resided

somewhere in Delaware. Ms. Baker stated her family had no contact with Defendant.

Upon learning that Plaintiff no longer resided at his previous address, Defendant Matson

then contacted the Delaware Sex Offender Registry to see if Plaintiff had contacted them

or updated his registration with them upon his alleged move to Delaware, which he had

failed to do. Plaintiff was then charged with two felony charges related to his failure to

comply with the registration requirements of 18 Pa.C.S.A. § 4915.1(a)(1) and (a)(2).

### A. Eleventh Amendment Immunity of Matson in his Official Capacity

Suit brought against a state official in their official capacity is deemed a suit against

the state, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and absent a state's consent to

be sued, all states, state entities and state officials are entitled to immunity under the

Eleventh Amendment. Lombardo v. Pennsylvania Dept. of Public Welfare, 540 F.3d 190,

194-95 (3d Cir. 2008). Pennsylvania has expressly refused to consent to be sued in

federal court. 42 Pa.C.S. § 8521(b). Claims such as the instant ones brought under 42 U.S.C. § 1983 are subject to this Eleventh Amendment immunity. <u>Chilcott v. Erie Co. Domestic Relations</u>, 283 Fed. Appx. 8, 10 (3d Cir. 2008).

As Defendant Matson is a state official, and Pennsylvania has not waived immunity or consented to be sued in this matter, the Eleventh Amendment bars Plaintiff's claim against Defendant Matson in his official capacity. That claim is therefore dismissed.

### B.  Probable Cause

Plantiff's *pro se* Complaint has purportedly set forth claims under the Fourth and Fourteenth Amendments. However, Defendant Matson correctly argues that Plaintiff's claims against him are all appropriately analyzed under the Fourth Amendment. *See* <u>Albright v. Oliver</u>, 510 U.S. 266 (1994) ("[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process [through the Fourteenth Amendment], must be the guide for analyzing these claims,'" *quoting* <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)). Therefore, Plaintiff's claims against Defendant Matson must all be analyzed under the Fourth Amendment.

The Fourth Amendment ensures "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. Amend. IV. In order to state a claim for false arrest, detention, or false imprisonment under § 1983, a plaintiff must allege (1) there was an arrest or a restraint; (2) without adequate legal justification. <u>Gilbert v. Feld</u>, 788 F.Supp. 854, 862 (E.D. Pa. 1992). An arrest made without probable cause lacks adequate legal justification. *See* <u>Quinn v. Cintron</u>, No. 11-2471, 2013 WL

5508667, at * 3 (E.D. Pa. Oct. 3, 2013). Valid probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995); *see* Johnson v. Campbell, 332 F.3d 199, 211 (3d Cir. 2003). While "probable cause to arrest requires more than mere suspicion,… it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Martinez v. Freund, No. 13-6294, 2015 WL 1608429, *3 (E.D. Pa. 2015).

> The obligation of local law enforcement officers is to conduct criminal investigations in a manner that does not violate the constitutionally protected rights of the person under investigation. Therefore, whether the officers conducted the investigation negligently is not a material fact. Indeed, for Fourth Amendment purposes, the issue is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.

Orsatti, 71 F.3d at 484. The question is "whether, looking at the totality of the circumstances at the time of the arrest, 'the objective facts available to the officers . . . were sufficient to justify a reasonable belief that an offense [had been] committed.'" United States v. Glasser, 750 F.2d 1197, 1206 (3d Cir. 1984).

Plaintiff's claims in this matter are based upon false arrest, false imprisonment and malicious prosecution. Each of these claims requires Plaintiff to demonstrate a lack of probable cause. The question here then is whether Plaintiff has stated sufficient facts in his Complaint to establish that Defendant Matson did not have sufficient facts available to him to justify a reasonable belief that Plaintiff had committed a violation of the Megan's Law registration requirements. I find, after reviewing all of the facts, that

7

Plaintiff has failed to allege sufficient facts to show that he was arrested without legal justification or probable cause.

In his Complaint, Plaintiff seems to be arguing that he had no obligation to register in Pennsylvania under Megan's Law prior to December 20, 2012 because Pennsylvania did not have a valid Megan's Law from 2004 until December 20, 2012. This assertion is incorrect. It is true that the Pennsylvania version of Megan's Law that was in effect prior to December 20, 2012, 42 Pa.C.S.A. § 9791-9799.8, expired on December 20, 2012, then became part of Pennsylvania's new Megan's Law, called Megan's Law IV or SORNA, which took effect on December 20, 2012. *See* Taylor v. Pennsylvania State Police, 2016 WL 119972, at * 1 (Pa. Commw. Ct. Jan. 12, 2016.) From this, I believe Plaintiff is arguing that when he lived in Pennsylvania in 2012, he was not required to register as a sex offender. That is patently incorrect, as Pennsylvania had a Megan's Law registration requirement in place at all times that Plaintiff resided in this state. He admittedly lived in Pennsylvania from at least May of 2012 to August of 2012, after which time he claims he moved to Delaware. (Compl., ¶ 58.) Plaintiff then claims that he returned to live in Pennsylvania at some time between August of 2012 and November 7, 2012, at which time his Pennsylvania probation officer informed him that the Pennsylvania State Police were looking for him. (Id., ¶¶ 16-18.) In November of 2012, Plaintiff claims that he once again returned to live in Delaware. (Id., ¶¶ 17-18.)

However, Plaintiff does not allege that he informed the Pennsylvania State Police of his change of residence from Pennsylvania to Delaware in August of 2012 or November of 2012, nor of his return to Pennsylvania between August and November of 2012, as required by Pennsylvania law. *See* 42 Pa.Cons.Stat. §§ 9795.1, 9795.2 (requiring

those convicted of certain crimes to report their residence and any changes thereto, to the Pennsylvania State Police); 42 Pa.Cons.Stat. § 9799.15(g); 18 Pa.C.S. § 9799.13 (registration update requirements of Pennsylvania's Sex Offender Registration and Notification Act). He then incorrectly claims that Megan's Law was unconstitutional in Pennsylvania between 2004 and December 20, 2012, and that he was never in Pennsylvania when any type of registration law was intact and therefore, "was never legally required to register in or out of Pennsylvania." (Compl., ¶¶ 88, 63.) Plaintiff does not claim that he registered in Pennsylvania after May of 2012, and admits that he did not register in Delaware. (Id. ¶ 19.) Therefore, Plaintiff clearly failed to register in either state, which is a felony. *See* 18 Pa.C.S. § 4915.1.

Plaintiff was arrested pursuant to Defendant Matson's affidavit of probable cause and the criminal complaint, which led to the issuance of an arrest warrant which in turn led to Plaintiff's arrest in Delaware and extradition to Pennsylvania. (Docket No. 12, Exs. D1, D2, D4.) Plaintiff takes issue with the investigation that was performed by Defendant Matson prior to his completion of the affidavit of probable cause. Specifically, Plaintiff claims that because his niece informed Defendant Matson in June of 2013 that Plaintiff no longer resided with her, that she believed he resided in Delaware, that Plaintiff moved out of her home in late 2012 and that she hadn't seen Plaintiff since December of 2012 in Delaware, Defendant Matson should have concluded that Plaintiff had moved to Delaware.

However, if you consider all of the facts gathered by Defendant Matson during the course of his investigation, it is clear that he had probable cause to believe Plaintiff had committed a felony in Pennsylvania by failing to register. First, Defendant Matson

9

contacted the Delaware Sex Offender Registry and found no record of Plaintiff contacting

the registry or updating his registration requirements in Delaware. Next, Defendant

Matson searched the National Megan's Law website, which showed Plaintiff's last

known address as being the address of his residence in Lancaster County, Pennsylvania.

Defendant Matson also checked with the Pennsylvania Department of Transportation and

state and county correctional facilities and found nothing to contradict Plaintiff's last

verification with the Pennsylvania State Police which listed his residence in Lancaster

County. All of this information together allowed Defendant Matson to properly establish

probable cause for Plaintiff's arrest. In this situation, "the facts and circumstances within

[Defendant Matson's] knowledge [were] sufficient to warrant a reasonable person to

believe that an offense has been or is being committed by the person to be arrested." *See*

Orsatti, 71 F.3d at 483. The totality of the circumstances at the time Defendant Matson

completed the probable cause affidavit established that probable cause existed that

Plaintiff committed a felony in Pennsylvania by not complying with Pennsylvania's

registration requirements, as a reasonable person would believe Plaintiff resided in

Pennsylvania and failed to register, as required by Pennsylvania law.

Further, Plaintiff cannot amend his complaint to attack the quality of Defendant

Matson's investigation. *See* Vazquez v. Rossnagle, 163 F.Supp.2d 494, 500 (E.D. Pa.

2001)("Once the [officer] had established that there was probable cause for an arrest…he

did not need to confirm his finding of probable cause through additional investigations.");

*see also* Baker v. McCollan, 443 U.S. 137, 145-146 (1979) ("[W]e do not think a sheriff

executing an arrest warrant is required by the Constitution to investigate independently

every claim of innocence."). Therefore, Plaintiff's Fourth Amendment claims against Defendant Matson must be dismissed with prejudice.

Further, in order to succeed on a federal malicious prosecution claim, Plaintiff would have to prove, *inter alia*, that Defendant Matson initiated a criminal proceeding without probable cause. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. 2000). As discussed above, probable cause supports Defendant Matson's affidavit and criminal complaint; therefore, Plaintiff's malicious prosecution claim must also fail.[2]

Plaintiff's Complaint also contains a state law claim for malicious prosecution against Defendant Matson, which must also fail because of the existence of probable cause to arrest Plaintiff. As the requirements for state and federal malicious prosecution claims are virtually  identical (with the federal claim requiring the additional element of deprivation of liberty), the reasons for which we granted Defendant Matson's motion as to his federal malicious prosecution claim similarly require dismissal of the virtually identical state law claim.

### C.  County of Lancaster

In Count III, Plaintiff alleges the County of Lancaster is subject to Monell liability for failing to adequately train and supervise its employees, specifically Defendant Matson. County of Lancaster moves to dismiss Count III, and therefore, the entire Complaint against it, for failure to state a claim.

Because 28 U.S.C. § 1983 does not impose respondeat superior liability on municipalities, a municipality is liable only if a plaintiff alleges an official policy or

---

[2] Because I find Defendant Matson had sufficient probable cause to arrest Plaintiff, I will not reach the issue of qualified immunity.

custom was the moving force behind the constitutional violation. <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 691 (1978).

However, as I found there were no constitutional violations above, it is not necessary to analyze the existence of <u>Monell</u> liability. <u>Grazier v. City of Phila.</u>, 328 F.3d 120, 124 (3d Cir.2003) ("This conclusion follows naturally from the principle that municipal liability will only lie where municipal action actually caused an injury."); <u>Bowser v. Borough of Birdsboro</u>, 2011 WL 4479596 at *2 (E.D.Pa. Sept.27, 2011) ("Because the plaintiff has not demonstrated that her constitutional rights were violated, these [<u>Monell</u>] claims fail as a matter of law."). Plaintiff cannot establish a violation of his constitutional rights; therefore, his <u>Monell</u> claim must also fail.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motions to Dismiss will be granted. Plaintiff's claims of due process violations are dismissed with prejudice and Plaintiff's Complaint will therefore be dismissed.